IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC. <br><br>    Plaintiff, <br><br> v. <br><br> WHERE 2 GET IT, INC.; <br> CHARHARTT, INC.; <br> CFA PROPERTIES, INC.; <br> CHICK-FIL-A, INC.; <br> COLUMBIA SPORTSWEAR COMPANY; <br> COLUMBIA SPORTSWEAR NORTH AMERICA, INC.; <br> COLUMBIA SPORTSWEAR USA CORP.; <br> JO-ANN STORES, INC.; <br> JOANN.COM, LLC; <br> LA-Z-BOY, INC.; <br> MIELE, INC.; <br> MONSTER CABLE PRODUCTS, INC.; <br> PATAGONIA, INC.; <br> REACHOUTSIDE, LLC.; <br> SEIKO CORPORATION OF AMERICA D/B/A SEIKO USA; <br> SEIKO INSTRUMENTS, INC.; <br> SEIKO WATCH CORP.; <br> SPATIALPOINT LLC; <br> TCF CO. LLC; <br> THE CHEESECAKE FACTORY INC.; <br> VICTORINOX RETAIL USA, INC.; <br> VICTORINOX SWISS ARMY, INC.; <br> VICTORINOX STORES, INC.; <br> VIEWSONIC CORP.; <br> WAL-MART STORES, INC.; and <br> WEB LOGIC MEDIA, INC., <br><br>    Defendants. | Case No. 2:11-cv-00175-DF <br><br><br><br><br><br><br><br> **ANSWER OF LA-Z-BOY** <br> **INCORPORATED** |

# ANSWER

Defendant La-Z-Boy Incorporated ("La-Z-Boy") – incorrectly identified in the Complaint as "La-Z-Boy, Inc." – answers the individually-numbered paragraphs of the Complaint of GeoTag, Inc. ("GeoTag") and asserts Affirmative Defenses as follows:

1. La-Z-Boy is without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis denies said averments.

2.-10. These paragraphs of the Complaint are not directed to La-Z-Boy. As such, no response is required by La-Z-Boy. To the extent a response is required, La-Z-Boy is without sufficient information to either admit or deny the averments of these paragraphs of the Complaint, and on this basis denies said averments.

11. Admitted.

12.-27. These paragraphs of the Complaint are not directed to La-Z-Boy. As such, no response is required by La-Z-Boy. To the extent a response is required, La-Z-Boy is without sufficient information to either admit or deny the averments of these paragraphs of the Complaint, and on this basis denies said averments.

28. La-Z-Boy admits that the Complaint purports to set forth a claim of patent infringement against the identified defendants and that this Court has subject matter jurisdiction. La-Z-Boy denies that it is subject to the specific and/or general personal jurisdiction of this Court. It is further denied that La-Z-Boy has committed acts of infringement in this or any other jurisdiction or that La-Z-Boy conducts regular business, engages in persistent courses of action and/or, derives substantial revenues from this judicial district.

29. La-Z-Boy denies that venue is proper in the judicial district. It is denied that La-Z-Boy has committed acts of infringement in this or any other jurisdiction. La-Z-Boy denies that

it is subject to the specific and/or general personal jurisdiction of this Court. It is further denied that La-Z-Boy has committed acts of infringement in this or any other jurisdiction or that La-Z-Boy conducts regular business, engages in persistent courses of action, and/or derives substantial revenues from this judicial district.

30.     La-Z-Boy is without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis denies said averments.

## COUNT I

1.      La-Z-Boy admits only to the recited patent number, title, and issue date of the patent. La-Z-Boy is without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis denies said averments.

2.      La-Z-Boy is without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis denies said averments.

3.      The claims of the patent speak for themselves such that no response is required. To the extent a response is required, La-Z-Boy is without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis denies said averments.

4.      Denied.

5.-9.   These paragraphs of the Complaint are not directed to La-Z-Boy. As such, no response is required by La-Z-Boy. To the extent a response is required, La-Z-Boy is without sufficient information to either admit or deny the averments of these paragraphs of the Complaint, and on this basis denies said averments.

10.     It is specifically denied that La-Z-Boy has infringed or is infringing the '474 Patent in this judicial district or anywhere else in the United States. La-Z-Boy further denies that

its Store Locator at www.la-z-boy.com or any other of its products or services is covered by one or more claims of the '474 Patent.

11.-23. These paragraphs of the Complaint are not directed at La-Z-Boy. As such, no response is required by La-Z-Boy. To the extent a response is required, La-Z-Boy is without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis denies said averments.

24. Denied.

25. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

26. The Complaint, and each and every purported claim for relief therein, fails to allege facts sufficient to state a claim against La-Z-Boy.

### SECOND AFFIRMATIVE DEFENSE
### (Non-infringement)

27. La-Z-Boy has not infringed and is not infringing any claims of U.S. Patent No. 5,930,474 under any theory, including direct infringement, indirect infringement, infringement by inducement, or contributory infringement.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

28. U.S. Patent No. 5.930,474 and all of the claims thereof are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35. U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

29. Plaintiff is estopped from claiming that U.S. Patent No. 5,930,474 covers any method, system, apparatus or product of La-Z-Boy by virtue of the prior art and/or the prosecution history of U.S. Patent No. 5,930,474.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

30. To the extent that Plaintiff seeks damages for any alleged infringement more than six years before the filing of this action, the claims are barred by the statutory limitation on damages pursuant to 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver, Laches and Acquiescence)

31. Plaintiff's claims for damages and other relief are barred in whole or in part by the equitable doctrines of waiver, laches, and/or acquiescence, including but not limited to due to Plaintiff's unreasonable delay in asserting the patent-in-suit.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Provide Notice)

32. To the extent that Plaintiff seeks damages for any alleged infringement prior to its giving actual notice of the patent-in-suit to La-Z-Boy, its claims are barred pursuant to 35 U.S.C. § 287(a).

**PRAYER FOR RELIEF**

WHEREFORE, La-Z-Boy prays for the following relief:

A. Dismissal of the Complaint herein;

B. An award to La-Z-Boy of its costs and attorneys' fees incurred in prosecuting this action;

C. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that attorneys' fees be awarded to La-Z-Boy; and

D. That no damages, injunctive relief, costs, expenses, or attorneys' fees be awarded to GeoTag.


DATE: May 11, 2011

Respectfully submitted,

/s/Robert J. Lenihan II
Robert J. Lenihan, II (*pro hac vice*)
Brent G. Seitz (*pro hac vice*)
Harness, Dickey & Pierce, P.L.C.
5445 Corporate Drive, Suite 200
Troy, MI 48098
(248) 641-1600
rjlenihan@hdp.com
bseitz@hdp.com

Michael C. Smith (TX Bar #18650410)
Siebman, Burg, Phillips & Smith, LLP
P.O. Box 1556
113 E. Austin Street
Marshall, Texas 75671-1556
(903) 938-8900
michaelsmith@siebman.com

*Attorneys for La-Z-Boy Incorporated*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this the 11th day of May, 2011. Any other counsel of record will be served by facsimile transmission and/or first class mail.

                                              /s/Robert J. Lenihan II

16061495.1